UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN COMPANY LLC, and PFIZER HEALTH AB, <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN INC., AND MYLAN PHARMACEUTICALS, INC. <br><br> Defendants. | Civil Action No. 10-CV-3246 (DMC)(JAD) & <br> Civil Action No. 10-CV-3250 (DMC)(JAD) <br> (consolidated) |
| PFIZER INC., PHARMACIA & UPJOHN COMPANY LLC, and PFIZER HEALTH AB, <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | |

[~~Proposed~~] ORDER GRANTING
MOTION TO SEAL MATERIALS

This matter having been brought to the Court through Plaintiffs' Motion to Seal ~~Materials~~ the Declaration of Ryan P. Johnson (ECF No. 44-1) Exhibit A pursuant to Local Rules 5.3(c) and 7.1, and this Court having fully considered Plaintiffs'

Declaration in Support of the Motion to Seal, and supplemental declarations of Defendants, any

submissions in further support thereof, and any opposition thereto, as well as the record before it,

the Court makes the following findings:

#1630887 v1
070370-69609

IT IS this 24th day of May, 2011;

**THE COURT FINDS** that on December 7, 2010, a Discovery Confidentiality Order was entered in this litigation.

**THE COURT FURTHER FINDS** that the materials to be sealed are documents, information garnered from the documents, and/or portions of deposition transcripts, which have been designated as "Confidential" or "Restricted Confidential" by the parties in this case pursuant to the Discovery Confidentiality Order.

**THE COURT FURTHER FINDS** that this is a patent action that involves confidential information and, specifically, the documents or portions of documents listed above contain confidential information regarding business strategies that parties have a legitimate interest in protecting as this information as confidential, because its competitors in the marketplace could utilize the information to gain an unfair competitive advantage to its detriment.

**THE COURT FURTHER FINDS** that the interests of the public that warrant granting an Order to Seal include the interest of not burdening litigants' access to the Court by requiring public disclosure of valuable confidential information as a condition of litigating their rights.

**THE COURT FURTHER FINDS** that the clearly defined and serious injury that would result should the Order to Seal not be granted is that valuable business and trade secrets created at substantial expense by the parties will be lost and competitors would unjustly gain access to them. Specifically, the parties' confidential research information would be revealed to their competitors and these competitors would unjustly gain the ability to thwart, anticipate or usurp those plans and strategies to the competitors' advantage and the parties' loss.

**THE COURT FURTHER FINDS** that no less restrictive alternative is available to prevent the defined and serious injury to the parties due to the fact that the parties rely on the confidential materials.

**THE COURT FURTHER FINDS** that Plaintiffs and Defendants complied with the dictates set forth in Local Civil Rule 5.3(c)(2) and in case law related thereto.

**THEREFORE**, for good cause shown, based on the Stipulated Protective Order and in order to preserve the confidentiality of the aforementioned documents;

**IT IS ORDERED** that the materials shall be maintained under seal by the Clerk of the Court.

_____
Honorable Joseph A. Dickson, U.S.M.J.

#1630887 v1
070370-69609